UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICARDO MAYFIELD

    Plaintiff,

v.

KAISER PICKLES, LLC,

    Defendant.

Case No. 1:12-cv-229

Beckwith, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma paupris*, initiated this action pursuant to 42 U.S.C. § 2000e, et seq. against his former employer, Kaiser Pickles, LLC ("Kaiser") alleging employment discrimination based on his race and alleged disability. This matter is now before the Court on Kaiser's motion for summary judgment and the parties' responsive memoranda.[1] (Docs. 26, 27, 28, 29, 31, 32). Upon careful review, the undersigned finds that Defendant's motion for summary judgment is well-taken and should be granted.

**I. Facts**[2]

Plaintiff, an African-American male was hired by Kaiser in 2004. In October 2006, Plaintiff was terminated as a result of violation of the company's work rules for failure to report to work and failure to report absence. Plaintiff was re-hired by Kaiser in May 2007

---

[1] Also pending before the Court is a Report and Recommendation that this matter be dismissed for lack of prosecution. (Doc. 20).

[2] Plaintiff did not file any affidavits, other evidence as outlined in Fed. R. Civ. P 56 (c) and/or other properly authenticated documents in opposition to Defendant's motion for summary judgment. The undisputed facts outlined above are taken directly from the allegations in Plaintiff's complaint and the proposed undisputed facts contained in Defendant's motion for summary judgment and supporting affidavits and attachments. (See Doc. 26, Ex. 1).

as a packer. Beginning in January 2008, Plaintiff worked a Forklift Operator, Grade Level 5, at Kaiser's Kindel Plant in Cincinnati.

In December 2010, Plaintiff and co-worker Steve Young exchanged words over the speed of the relish manufacturing process. Kaiser investigated this incident, and Plaintiff was issued a written warning on December 22, 2010. The warning stated, in relevant part:

> Action Taken: On 12-17-10 you were involved in a verbal conflict which escalated to the point of requiring a third party to quell the situation. After thorough investigation, it has been determined that you became uncooperative while arguing and yelling at a fellow employee regarding the pace of production, this violation of Section 26 of the 2010 Company Handbook is unacceptable. . . This is a verbal warning of company rules violation or unsatisfactory performance. Future violations may lead to immediate dismissal without further notice.

(Doc. 26, Speed Aff., ¶ 9).

On November 23, 2011, Patrick Beesley, the Processing Manager, was approached by Mr. Young who stated he was punched in the mouth by Plaintiff. Beesely observed and photographed Young's physical injuries which included a swollen and bloodied lip and loose teeth. Beesley then started an initial investigation by interviewing Mr. Young, Plaintiff, and co-workers who witnessed the incident. Plaintiff admitted that he punched Young "after being pushed" but his story was not corroborated by any of the witnesses.

Beesley then turned the matter over to the Human Resources department. Upon an additional investigation, Human Resources determined that Plaintiff punched Young in the mouth and that Young did not provoke Plaintiff or use violence. On November 30, 2011, Plaintiff was terminated for violation of Section 10, Threats of Violence in the Workplace, and Section 26:2, Standards of Conduct, of the Kaiser Handbook.

Plaintiff then filed two EEOC charges relating to his discharge; namely, disability and

race discrimination in violation fo Title VII. On December 1, 2011, the EEOC issued its Dismissal and Notice of Rights relating to Plaintiff's charge of disability discrimination. (Doc. 1). The EEOC issued Plaintiff's Right to Sue Letter with respect to his race discrimination on January 27, 2012. Plaintiff, proceeding *pro se*, filed the instant action on March 20, 2012 alleging that Kaiser unlawfully discriminated against him on the basis on his race and alleged disability.

## II. Analysis

### A. Summary Judgment Standard of Review

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The requirement that facts be construed in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the

burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). The non-moving party's evidence "is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Id.* at 255 (emphasis added). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

To demonstrate a genuine issue of fact, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (citation omitted). It is the Plaintiff's burden to point out record evidence to support his claims. "[T]he Court has no duty when deciding a motion for summary judgment to scour the record for evidence that supports a plaintiff's claims." *Abdulsalaam v. Franklin County Bd. Of Com'rs*, 637 F. Supp.2d 561, 576 (S.D. Ohio 2009) (citing *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 379 (6th Cir. 2007)).

In this case, Plaintiff has failed to present anything more than his own conclusory allegations in support of his claims. Plaintiff has not provided any affidavits, deposition testimony, or other evidence in opposition to Defendant's motion for summary judgment as required under Rule 56. *See Anderson*, 477 U.S. at 252. Instead, he merely disputes the

facts as presented in Defendant's supporting affidavits. However, where defendants have carried their burden of demonstrating no genuine issues of material fact, a plaintiff "must do more than rely merely on the allegations of [his] pleadings . . .; [he] is obligated to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits,' showing that there is a genuine issue for trial." *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(e)(2)). Conclusory allegations, standing alone, are insufficient to demonstrate a genuine issue for trial.

     B. *Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claims under the ADA.*

Title I of the ADA provides that a covered employer "shall [not] discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To make out a *prima facie* case of employment discrimination through indirect evidence under Title I, a plaintiff must show that "1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced." *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir.2007) (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir.1996)).

A person complaining of an alleged ADA violation is required to file a charge with the EEOC within 180 days of the occurrence of the discriminatory act. 42 U.S.C. § 12117(a);

42 U.S.C. § 2000e–5(e). *See also Taylor v. Donahoe*, 452 Fed. Appx. 614, 616 (6th Cir. 2011). The EEOC then conducts an investigation and, once the administrative process has been exhausted, the EEOC sends the complainant a right to sue letter. 42 U.S.C. § 2000e–5(f)(1). To be considered timely filed, a civil action in federal court must then be filed within 90 days of the receipt of the right to sue letter. 42 U.S.C. § 2000e–5(f)(1); see also *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029 (6th Cir.1998) (right to sue letter is a condition precedent to filing a cause of action).

Here, Plaintiff did not file the instant action within 90 days of receiving his Right to Sue letter from the EEOC with respect to his claim for disability discrimination. Thus, to the extent that Plaintiff is claiming that Defendant discriminated against him based on an alleged disability, Plaintiff's claim is time-barred. Moreover, even assuming Plaintiff's claim under the ADA is not time-barred, Plaintiff has failed to provide any factual allegations to establish a *prima facie* case of disability discrimination. Notably, Plaintiff has failed to produce any evidence that he suffers from a disability as defined by the ADA. Thus, to the extent that Plaintiff is asserting claims under the ADA, Defendant is entitled to judgment as a matter of law as to those claims.

C. *Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claims for race discrimination.*

Title VII makes it unlawful for an employer to discharge an individual or to otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex. 42 U.S.C. § 2000e-2(a)(1). The standards for establishing a discrimination claim under Title VII are equally applicable to plaintiff's claims under Ohio Rev. Code § 4112. *See Dews v. A.B. Dick Co.*, 231 F.3d

1016, 1021 n.2 (6th Cir. 2000); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992).

An employee may base his claim of employment discrimination on a theory of disparate impact or disparate treatment or both. *Lynch v. Freeman*, 817 F.2d 380, 382 (6th Cir. 1987). In the instant case, Plaintiff is purportedly proceeding under the disparate treatment theory of discrimination. Under the disparate treatment theory, the plaintiff must show that the employer has treated some people less favorably than others because of their race, color, religion, sex or national origin. Unlike the disparate impact theory, proof of discriminatory motive is critical in the case of disparate treatment. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir. 1982) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Claims of disparate treatment are analyzed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002); *Mitchell*, 964 F.2d at 582. The *McDonnell Douglas* burden-shifting analysis requires that plaintiff first establish a *prima facie* case of discrimination. *Id.*

A plaintiff may establish a *prima facie* discrimination claim by either direct or circumstantial evidence. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). "Direct evidence of discrimination is 'that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'" *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc). "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a fact-finder to draw a reasonable inference that discrimination occurred." *Id.*

A plaintiff who lacks direct evidence of discrimination may establish a *prima facie* case of race discrimination through circumstantial evidence by showing that: 1) he is a member of a protected class; 2) he suffered an adverse employment action; 3) he was qualified for the position lost; and 4) he was replaced by an individual outside the protected class. *Mitchell,* 964 F.2d at 582. Plaintiff may also establish the fourth prong of a *prima facie* case of discrimination by showing that he was treated less favorably than a similarly-situated individual outside the protected class. *See Clayton v. Meijer, Inc.,* 281 F.3d 605, 610 (6th Cir. 2002).

The employer is entitled to summary judgment if the plaintiff does not establish a *prima facie* case. If the plaintiff establishes a *prima facie* case, the employer can overcome the *prima facie* case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas,* 411 U.S. at 802. If the employer carries its burden, the plaintiff must show that the reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *Id.* at 804. Here, Plaintiff has not provided any evidence to satisfy the second and/or fourth prongs of a *prima facie* case of race discrimination.

Notably, with respect to the second prong, to demonstrate that he was qualified, Plaintiff "must prove that he was performing his job at a level which met his employer's legitimate expectations." *Meadows v. Ford Motor Co.,* 21 F. App'x 302, 304 (6th Cir. 2001) (citations omitted) . *See also See Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2d Cir.) (to demonstrate that he was qualified for the job, a plaintiff must show that he was qualified for the position at the time of the discharge, regardless of whether he had performed the

position satisfactorily in the past).

Plaintiff has placed nothing in the record to contradict Defendant's evidence of his failure to follow the Company's non violence policies. Because compliance with the safety policy was an explicit condition of his continued employment, no reasonable juror could conclude that Plaintiff continued to be qualified to serve as a forklift operator at Kaiser. Accordingly, the undersigned finds that that Plaintiff has failed to satisfy the second prong.

Next, Plaintiff has failed to identify any other similarly situated employees in a non-protected class who were treatment more favorably than Plaintiff. Plaintiff attempts to argue that Mr. Young was not terminated as a result of the incident and therefore was treated more favorable than Plaintiff. However, Mr. Young, is also African-American and did not behavior similarly in all respects as Plaintiff. Namely, upon investigation, Defendant determined that Mr. Young did not start the altercation nor use physical violence against Plaintiff. Accordingly, the undersigned finds that Plaintiff has failed to establish the fourth element of a *prima facie* case of race discrimination. Defendant is therefore entitled to summary judgment on Plaintiff's race discrimination claims on this basis.

Assuming, *arguendo*, that Plaintiff has come forward with sufficient evidence to establish a prima facie case of race discrimination, Defendant has articulated a legitimate, non-discriminatory reason for the decision to terminate Plaintiff's employment, *i.e.* his violation of Defendant's non-violence in the workplace policy, and Plaintiff has failed to provide any evidence of pretext.

Finally, to the extent Plaintiff claims the actions of Defendant violated Ohio state law, the Court should decline to exercise pendent jurisdiction over any such claims because Plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383

U.S. 715 (1966). Thus, any state law claims should be dismissed without prejudice for lack of jurisdiction.

### III. Conclusion

For these reasons, the Court hereby **RECOMMENDS** that the Defendant's motion for summary judgment (Doc. 26) be **GRANTED**, all pending motions be **DENIED as MOOT** (Docs. 23, 25, 30) and this matter be **TERMINATED** on the active docket of the Court.

     *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICARDO MAYFIELD

      Plaintiff,

v.

KAISER PICKLES, LLC,

      Defendant.

Case No. 1:12-cv-229

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).