IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ricardo V. Mayfield, Sr., :
: Case No. 1:12-cv-229
Plaintiff, :
:
v. :
:
Kaiser Pickles, LLC, :
:
Defendant. :

**O R D E R**

This matter is before the Court on the following docket entries: Magistrate Judge Bowman's Report and Recommendation of September 10, 2012 (Doc. No. 20) recommending that Plaintiff's complaint be dismissed without prejudice; Plaintiff Ricardo V. Mayfield, Sr.'s objections to that Report and Recommendation (Doc. No. 22); Defendant Kaiser Pickles, LLC's motion to dismiss for lack of prosecution (Doc. No. 23) ; Plaintiff's motion to have pretrial conference in person (Doc. No. 25); Defendant's motion for summary judgment (Doc. No. 26); Defendant's motion to strike (Doc. No. 29); Magistrate Judge Bowman's Report and Recommendation of March 11, 2013 (Doc. No. 33) recommending that Defendant's motion for summary judgment be granted and the remaining motions be declared moot; and Plaintiff's objection to that Report and Recommendation (Doc. No. 36). For the reasons that follow, the Court finds that Plaintiff has not properly objected to Magistrate Judge Bowman's Report and Recommendation of March 11, 2013. The Court, therefore, **ADOPTS** the Report and

1

Recommendation. Defendant's motion for summary judgment is well-taken and is **GRANTED**. Plaintiff's employment discrimination claims are **DISMISSED WITH PREJUDICE.** To the extent the complaint contains pendent state law causes of action, the Court declines to exercise subject matter jurisdiction over them and they are **DISMISSED WITHOUT PREJUDICE.** The other pending motions and objections are **MOOT.**

For present purposes, the Court need not detail the full procedural history of this case. It is sufficient to note that Plaintiff Ricardo V. Mayfield, Sr., proceeding pro se, sued his former employer, Kaiser Pickles, LLC, alleging that he had been illegally discharged because of his race and disability. In its motion for summary judgment, as Magistrate Judge Bowman's Report and Recommendation found, Kaiser submitted uncontroverted evidence, inter alia, that it fired Plaintiff for violating its policy against workplace violence and that his protected status played no part in the decision-making process. Judge Bowman recommended, therefore, that the Court grant Kaiser's motion for summary judgment on Plaintiff's employment discrimination claims and decline to exercise subject matter jurisdiction over any pendent state law claims that the complaint might include.

In response to the Report and Recommendation, Plaintiff submitted only a one-page office note from McMicken Integrated Care indicating that he is being treating for hypertension and disorganized schizophrenia. Although captioned as an objection to the Report and Recommendation, Plaintiff did not address the substance of the Magistrate Judge's analysis of his claims or his failure to produce evidence that Kaiser's

reason for discharging him was a pretext for illegal discrimination.

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides that the district court must determine de novo any part of a report and recommendation "that has been properly objected to." In this case, Plaintiff's one-page filing of an office treatment note, without further argument or analysis of the Report and Recommendation, is not a proper objection, even taking into account his pro se status. Consequently, no further review of the Report and Recommendation is necessary. Anderson v. County of Hamilton, 780 F. Supp.2d 635, 642 (S.D. Ohio 2011). In any event, Plaintiff's "objection" establishes at most the existence of a disability. It does nothing, however, to demonstrate error in the Magistrate Judge's determination that Kaiser is entitled to summary judgment because it discharged Plaintiff for a legitimate, non-discriminatory reason.

## Conclusion

For the reasons stated herein, the Court **ADOPTS** Magistrate Judge Bowman's Report and Recommendation of March 11, 2013. Defendant's motion for summary judgment on Plaintiff's employment discrimination claims is well-taken and is **GRANTED.** Those claims are **DISMISSED WITH PREJUDICE.** The Court declines to exercise pendent subject matter jurisdiction over any remaining state law claims. Those claims are **DISMISSED WITHOUT PREJUDICE.** All remaining motions and objections are **MOOT.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Plaintiff is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952

(6th Cir. 1997).

        **IT IS SO ORDERED**

Date April 23, 2013                                                              s/Sandra S. Beckwith
                                                                                 Sandra S. Beckwith
                                                           Senior United States District Judge